Appellant Ann Brown appeals from a judgment of the Miami County Probate Court overruling her exceptions to an accounting filed by her father, William Brown, as trustee of certain funds for her use and benefit, and declining to fix any liability on the part of William Brown. Ann Brown contends that the trial court erred by overruling her exceptions, because William Brown was unable to account for all of the monies expended from the guardianship and trust accounts. Although we agree with the trial court that William Brown's poor record-keeping for these accounts has made it impossible for him to account for all of the funds that were entrusted to his keeping, we further find that there is evidence in the record to support the trial court's conclusion that William Brown did not misappropriate any money from these accounts, and that he is not liable to Ann Brown. Accordingly, the judgment of the trial court is Affirmed.
 I
The facts found by the trial court are set forth in its judgment entry, as follows:
 The Court finds from the evidence that in 1981, William E. Brown opened a Uniform Gift to Minors Account (UGMA) in his name as trustee for his daughter Ann B. Brown. The account was opened to divert certain funds from his account to his daughter's account for tax purposes and to provide an educational account for Ann B. Brown. The account was opened with Merrell Lynch. Over the next few years, certain deposits and withdrawals were made into and from this account. Stocks were purchased and later sold. Some of the checks for the sale of stock and some of the dividend checks were deposited in the personal account of William E. Brown. William E. Brown would later transfer this money back to the Merrell Lynch UGMA account. At times two or three months would go by before the transfer was made.
 In 1990, the UGMA account was transferred to a Merrell Lynch UTMA account. This was done because of a Federal Regulation in 1988 making the age of 18 as the age of majority for an UGMA account. The age of majority for an UTMA account was 21 years.
 When Ann started to college at ITT, her tuition, books and expenses were paid out of the UTMA account. On some occasions when Dr. Brown was unavailable, Ann would write checks out of Dr. Brown's personal account for her tuition, books and living expenses. A check would later be written by Dr. Brown from the UTMA account to his personal account to reimburse for these expenses. Over the course of the UGMA account which began in 1981 and the UTMA account which began in 1990, the record keeping and accounting by Dr. Brown was sloppy and left a lot to be desired.
 The Court however after considering all the evidence does not believe that Dr. Brown misappropriated any money from the UGMA or UTMA accounts which he held as trustee for Ann E. Brown. It is true that there was a co-mingling of funds on occasion; however, any funds co-mingled was [sic] later transferred back to the UGMA or UTMA accounts and on several occasions more money was transferred to these accounts than was withdrawn.
 Although the accounting of Dr. Brown is not good, the Court cannot find by sufficient evidence that he in any way misappropriated or misapplied for his own personal use any fund from the UTMA or UGMA account which he held in trust for the benefit of Ann E. Brown.
 It is therefore the order of this Court that the exceptions filed by Ann B. Brown against the account of William E. Brown are found not to be [well] taken and are hereby dismissed.
 The Account of William E. Brown is hereby approved and this matter is terminated.
From this order, Ann Brown appeals.
 II
Ann Brown sole Assignment of Error is as follows:
 THE PROBATE COURT ERRED IN APPROVING THE ACCOUNTING OF THE FIDUCIARY WHERE THE ACCOUNTING WAS INCOMPLETE AND INSUFFICIENT AS A MATTER OF LAW.
Ann Brown contends that her father, William Brown, is liable to her for the amount of any monies that were withdrawn from the guardianship and trust accounts for which he cannot satisfactorily account. In making this argument, she relies upon In re Zimmerman
(1943), 141 Ohio St. 207, specifically paragraphs three and four of the syllabus, which are as follows:
 3. A guardian is liable to account to his ward for any part of the ward's estate lost or wasted through the failure of the guardian to exercise reasonable diligence and that care which a reasonable man would have used in the conduct of his own affairs.
 4. It is the duty of the Probate Court to require of the guardian of the estate of a minor a full account of the guardian's care or lack of care of the assets belonging to the ward. It is the duty of the Probate Court to fix the liability, if any, of a guardian for his failure on final settlement to account fully for the estate of the ward.
We have reviewed the entire transcript of the hearing in the trial court, and we are satisfied that there is evidence in the record to support the trial court's findings, quoted in Part I above. There is no question that William Brown has failed to render a satisfactory accounting with respect to all of the monies that he contributed to the guardianship and trust accounts for his daughter's benefit. Because he could not account fully for the estate of the ward, it was the duty of the probate court to fix his liability, if any. Id., fourth paragraph of syllabus.
The trial court complied with this duty. The trial court found, from the evidence presented to it, that no monies had been misappropriated from the account, so that William Brown had no liability resulting from his failure to render a satisfactory account. We have reviewed the entire transcript, and there is evidence in the record to support the trial court's conclusion.
As long as the trial court was satisfied, from the evidence before it, that the funds for which William Brown bore a fiduciary responsibility were neither mismanaged or misappropriated, he is not liable simply because his record-keeping was abysmal. As William Brown eloquently acknowledged in his pro se appellant brief:
 The custodian has the responsibility to keep records of all transactions . . . and mine were admittedly poor as I never anticipated legal action against me for providing my daughter with college funds.
William Brown may console himself with the fact that, unlike King Lear, he has but one daughter.
Ann Brown's sole Assignment of Error is overruled.
 III
Ann Brown's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Joseph P. Moore
Paul M. Courtney
William Brown
Hon. Lynnita K.C. Wagner